UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR E. ROMERO-MANZO,<br><br>        Petitioner,<br> v.<br>TIMOTHY GARRETT,<br><br>        Respondents. | Case No. 3:22-cv-00475-ART-CLB<br><br>ORDER |

*Pro se* Petitioner Cesar E. Romero-Manzo has filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Amended Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the court directs service of the Amended Petition and sua sponte raises the issue of counsel.

I. **BACKGROUND**[1]

Romero-Manzo challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Cesar Eduardo Romero-Manzo*, Case No. CR15-1213. On December 15, 2016, the state court entered a judgment of conviction, pursuant to a jury trial, for attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon. Romero-Manzo was sentenced to 96 to 240 months for the attempted murder conviction plus a consecutive sentence of 96 to 240 months for the deadly weapon enhancement and 72 to 180 months for the battery with the use of a deadly weapon conviction to run concurrently to the attempted murder conviction. Romero-Manzo's aggregate sentence is 192 to 480 months, or

---

[1] The court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

16 to 40 years.

Romero-Manzo did not timely file a direct appeal. Instead, Romero-Manzo filed a state petition for writ of habeas corpus on October 26, 2017. On June 9, 2021, the state court granted the petition, in part, granting Romero-Manzo a direct appeal pursuant to Nevada Rule of Appellate Procedure 4(c).[2] Romero-Manzo filed his direct appeal on June 14, 2021, and the Nevada Court of Appeals affirmed Romero-Manzo's judgment of conviction on April 28, 2022. *Cesar Eduardo Romero-Manzo v. State of Nevada*, Case No. 83048-COA. Remittitur issued on May 23, 2022. It does not appear that Romero-Manzo appealed the portion of the state district court's order denying him post-conviction relief, making his ineffective-assistance-of-counsel claims potentially unexhausted.

On or about October 26, 2022, Romero-Manzo initiated this federal habeas corpus proceeding. (ECF No. 1.) On October 28, 2022, the court instructed Romero-Manzo to file an *in forma pauperis* ("IFP") application or pay the filing fee and file an amended petition on the proper form. (ECF No. 3.) Romero-Manzo timely filed his Amended Petition on December 1, 2022. (ECF No. 6.) Romero-Manzo also timely filed an IFP application, but it was incomplete. (ECF No. 4.) On December 2, 2022, this court instructed Romero-Manzo to file the missing IFP documents or, alternatively, pay the filing fee. (ECF No. 7.) Romero-Manzo paid the filing fee on December 5, 2022. (ECF No. 8.) As such, his IFP application (ECF No. 4) will be denied as moot.

**II.   DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled

---

[2] Nevada Rule of Appellate Procedure 4(c)(1) provides, in relevant part, that "[a]n untimely notice of appeal from a judgment of conviction and sentence may be filed" when "[a] postconviction petition for a writ of habeas corpus has been timely and properly filed . . . asserting a viable claim that the petitioner was unlawfully deprived of the right to a timely direct appeal from a judgment of conviction and sentence."

to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

Further, it appears that counsel may be helpful in this case given its procedural history. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(a)(2), authorizes the court to appoint counsel "when the interests of justice so require." Although this Court finds that the appointment of counsel is in the interests of justice, this Court is cognizant of the fact that Romero-Manzo has not moved for the appointment of counsel. As such, this Court gives Romero-Manzo 30 days to file a motion for the appointment of counsel. If Romero-Manzo does not file a motion for the appointment of counsel within 30 days, the court will not appoint counsel and will issue a scheduling order on the Amended Petition.

## III. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that the clerk add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, electronically serve respondents' counsel a copy of the Amended Petition (ECF No. 6) and electronically provide respondents' counsel a copy of this order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that Romero-Manzo file a motion for the appointment of counsel within 30 days if he desires that counsel be appointed to represent him. If Romero-Manzo does not file a motion for the appointment of counsel

within 30 days, the court will not appoint counsel for Romero-Manzo and will issue a scheduling order on the Amended Petition.

DATED THIS 6th day of December 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE