UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR E. ROMERO-MANZO,<br><br>                           Petitioner,<br>       v.<br>TIMOTHY GARRETT, et al.,<br><br>                           Respondents. | Case No. 3:22-cv-00475-ART-CLB<br><br>ORDER |

This counseled habeas petition comes before the Court on Respondents' motion to dismiss. (ECF No. 27.) Petitioner Cesar E. Romero-Manzo opposed the motion, and Respondents replied. (ECF Nos. 32, 38.) For the reasons stated below, the Court denies the motion.

**II.   BACKGROUND**

In affirming Romero-Manzo's judgment of conviction, the Nevada Court of Appeals summarized the facts from Romero-Manzo's trial as follows:

> The jury heard testimony that Romero-Manzo was jealous and angry because the victim was dating Romero-Manzo's ex-girlfriend, there was "bad blood" between Romero-Manzo and the victim, and Romero-Manzo threw a rock through the window of the victim's car. When the victim drove to confront Romero-Manzo about throwing the rock, Romero-Manzo crashed his vehicle into the side of the victim's vehicle, disabling it. The victim exited his vehicle with a metal bat. Romero-Manzo exited his vehicle with a gun wrapped in a blue bandana and pointed it at the victim as they walked toward each other. Romero-Manzo uttered an expletive and then shot the victim once in the chest from approximately four feet away.

(ECF No. 24-42 at 3.) A jury found Romero-Manzo guilty of attempted murder with a deadly weapon and battery with the use of a deadly weapon. (ECF No. 22-9.) The state court sentenced Romero-Manzo to an aggregate term of 192 to 480 months in prison. (*Id.*) Romero-Manzo appealed, but the Nevada Supreme Court dismissed the appeal as untimely. (ECF No. 22-19.)

Romero-Manzo petitioned for state postconviction relief. (ECF No. 22-23.) The state court appointed counsel for Romero-Manzo, and counsel filed a supplemental petition. (ECF No. 22-45.) The state court granted the petition, in

part, and denied the petition, in part. (ECF No. 24-13.) Specifically, the state court concluded that Romero-Manzo "established a valid appeal-deprivation claim." (*Id.* at 9.) Romero-Manzo appealed his judgment of conviction under NRAP 4(c).[1] (*See* ECF No. 24-42.) The Nevada Court of Appeals affirmed Romero-Manzo's judgment of conviction. (*Id.*)

Romero-Manzo initiated this federal habeas case on or about October 26, 2022. (ECF No. 1.) This Court instructed Romero-Manzo to file an amended petition on the appropriate form and either pay the filing fee or file an *in forma pauperis* application. (ECF No. 3.) Romero-Manzo complied. (ECF Nos. 4, 6, 8.) Romero-Manzo then moved for the appointment of counsel. (ECF No. 10.) This Court granted the motion and formally appointed the Federal Public Defender on January 13, 2023. (ECF Nos. 11, 14.) Romero-Manzo filed his counseled second-amended petition on May 16, 2023. (ECF No. 17.) Romero-Manzo presents the following grounds for relief: his trial counsel failed to cross-examine Juan Orozco using his prior inconsistent statements (ground 1(a)), his trial counsel failed to object to Detective Shawn Congdon's unqualified expert testimony regarding whether the gun misfired (ground 1(b)), and there was insufficient evidence to support his conviction of attempted murder (ground 2). (*Id.*)

### III. DISCUSSION

Respondents argue that grounds 1(a) and 1(b) are unexhausted and procedurally defaulted. (ECF No. 27 at 4.)

### A. Legal standard

A state prisoner first must exhaust state court remedies on a habeas claim

---

[1] NRAP 4(c) allows "[a]n untimely notice of appeal from a judgment of conviction and sentence" when "[a] postconviction petition for a writ of habeas corpus . . . assert[s] a viable claim that the petitioner was unlawfully deprived of the right to a timely direct appeal from a judgment of conviction and sentence" and "[t]he district court . . . enters a written order containing . . . specific findings of fact and conclusions of law finding that the petitioner has established a valid appeal-deprivation claim and is entitled to a direct appeal."

before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

**B.     Analysis**

Romero-Manzo admits that grounds 1(a) and 1(b) have not been exhausted, but he argues that (1) they are technically exhausted and procedurally defaulted, and (2) he can overcome the procedural default pursuant to *Martinez v. Ryan*. (ECF No. 32.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Romero-Manzo would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice

exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Romero-Manzo advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1(a) and 1(b). (*See* ECF No. 32.) Accordingly, the

Court considers grounds 1(a) and 1(b) technically exhausted and procedurally defaulted. Because the cause and prejudice questions of overcoming the procedural default of grounds 1(a) and 1(b) are necessarily intertwined with the merits of grounds 1(a) and 1(b), the Court will defer a determination until the time of merits determination. Accordingly, the motion to dismiss is denied without prejudice. Respondents may renew their procedural default argument in their answer.

## V.    CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 27) is denied as follows: grounds 1(a) and 1(b) are technically exhausted, but procedurally defaulted. The Court defers consideration of whether Romero-Manzo can demonstrate cause and prejudice under *Martinez v. Ryan* to overcome the procedural default of grounds 1(a) and 1(b) until after the filing of an answer and reply in this action.

It is further ordered that Respondents must file an answer to the second-amended petition within 60 days of the date of this order. Romero-Manzo will then have 30 days from service of the answer within which to file a reply.

DATED THIS 8th day of February 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE